UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLUS RAY EVANS, JR., | No. 2:16-cv-1223 JAM KJN P |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| E. ARNOLD, | |
| Respondents. | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner paid the filing fee.  Petitioner was sentenced to 29 years to life with the possibility of parole based on a 1993 Superior Court of Contra Costa County conviction for first degree murder with use of a firearm, in violation of California Penal Code §§ 187, 12022.5.  See Evans v. Swarthout, Case No. CIV S-11-2245 CKD P (E.D. Cal.) (ECF No. 10 at 1).  Petitioner's instant claims concern the fact that he was denied parole in 2015.

Under Rule 4 of the Rules Governing § 2254 Cases, the court must conduct a preliminary review of § 2254 habeas petitions and dismiss any claims where it plainly appears that petitioner is not entitled to relief.  The court has conducted that review with respect to the petition filed June 2, 2016.

California's parole scheme contemplates that a prisoner sentenced to a term of life with the possibility of parole must be found suitable for parole before a parole date can be set.

1

1   California Penal Code § 3041(b) and related implementing regulations set forth criteria for
2   determining whether a prisoner is suitable for parole.  See Cal. Code Regs. tit. 15, § 2402.  The
3   prisoner must be found unsuitable and denied a parole date if, in the judgment of the panel, he
4   will pose an unreasonable danger to society if released.  Cal. Code Regs. tit. 15, § 2402(a).  "The
5   panel shall set a base term for each life prisoner who is found suitable for parole."  Cal. Code
6   Regs. tit. 15, § 2403.

7   In Swarthout v. Cooke, 562 U.S. 216 (2011) (per curiam), the Supreme Court considered a
8   habeas claim that a California state prisoner's right to federal due process was violated by parole
9   unsuitability findings that were not supported by "some evidence." Id.  The Supreme Court
10  concluded that, while a state, such as California, may create "a liberty interest in parole," the
11  existence of such a state liberty interest does not give rise to a federal right to be paroled.  Id. at
12  861-62 ("There is no right under the Federal Constitution to be conditionally released before the
13  expiration of a valid sentence, and the States are under no duty to offer parole to their
14  prisoners.").  Rather, the federal due process protection for such a state-created liberty interest is
15  "minimal" and limited to whether "the minimum procedures adequate for due-process protection
16  of that interest" have been met, namely, whether the prisoner was given the opportunity to be
17  heard and received a statement of the reasons why parole was denied.  Id. at 862-63; Miller v.
18  Oregon Bd. of Parole and Post-Prison Supervision, 642 F.3d 711, 716 (9th Cir. 2011) ("The
19  Supreme Court held in Cooke that in the context of parole eligibility decisions the due process
20  right is procedural, and entitles a prisoner to nothing more than a fair hearing and a statement of
21  reasons for a parole board's decision.").  This procedural question is "the beginning and the end
22  of" a federal habeas court's inquiry into whether due process has been violated when a state
23  prisoner is denied parole.  Cooke, 131 S. Ct. at 862.

24  In the instant first and third claims, petitioner's allegations concern the substance of the
25  2015 parole hearing.  Petitioner claims that the panel's decision was not based on the evidence,
26  and that each commissioner was unfair, or not impartial, based on ignoring pre-commitment
27  factors, and focusing on post-commitment factors during the hearing.  However, petitioner does
28  not allege that he was denied the opportunity to be heard at the 2015 parole hearing, or that there

1  was no statement of the reasons why the hearing panel decided to deny him parole.  (ECF No. 1.)

2  Thus, petitioner received all the process due him under the Due Process Clause,[1] and his first and

3  third claims must be dismissed.  Swarthout, 131 S. Ct. 862; see also Miller, 642 F.3d at 717;

4  Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011) (under the decision in procedural due

5  process requirement is met as long as the state provides an inmate seeking parole with an

6  opportunity to be heard and a statement of the reasons why parole was denied); Pearson v. Muntz,

7  639 F.3d 1185, 1191 (9th Cir. 2011) ("While the Court did not define the minimum process

8  required by the Due Process Clause for denial of parole under the California system, it made clear

9  that the Clause's requirements were satisfied where the inmates 'were allowed to speak at their

10  parole hearings and to contest the evidence against them, were afforded access to their records in

11  advance, and were notified as to the reasons why parole was denied.'")

12  In his second claim, petitioner claims that the Board miscalculated his adjusted base term

13  which, coupled with the imposed five year denial of parole, imposes a sentence that exceeds his

14  maximum release date, deprives him of post-conviction credits, and prevents the court from

15  deciding the proportionality of his punishment.  (ECF No. 1 at 8.)

16  Petitioner's second claim is not cognizable. A state prisoner is entitled to federal habeas

17  relief only if he is being held in custody in violation of the Constitution, laws, or treaties of the

18  United States.  28 U.S.C. § 2254(a).  Unless an issue of federal constitutional or statutory law is

19  implicated by the facts presented, the claim is not cognizable in federal habeas corpus.  Estelle v.

20  McGuire, 502 U.S. 62, 68 (1991).  Federal habeas corpus relief "does not lie for error of state

21  law."  Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (citations omitted).  A petitioner may not

22  transform a state-law issue into a federal one merely by asserting a violation of due process.

23  Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996).  Alleged errors in the interpretation or

24  application of state law, which includes alleged errors in the state post-conviction review process,

25  do not warrant habeas relief.  Hubbart v. Knapp, 379 F.3d 773, 779-80 (9th Cir. 2004); Franzen v.

---

[1] Petitioner was previously advised of the district court's limited due process review under Cooke in the March 21, 2012 order addressing his prior habeas petition challenging the 2010 denial of parole.  Evans v. Swarthout, Case No. CIV S-11-2245 CKD P.

1   Brinkman, 877 F.2d 26 (9th Cir. 1989).  Moreover, as set forth above, petitioner was afforded the
2   minimum procedures required under the Due Process Clause and he therefore cannot state a claim
3   for violation of his due process rights.  "There is no constitutional or inherent right of a convicted
4   person to be conditionally released before the expiration of a valid sentence." Greenholtz v.
5   Inmates of the Nebraska Penal & Correctional Complex, 442 U.S. 1, 8 (1979).

6          To the extent petitioner contends that the denial of parole violated the Eighth Amendment
7   because his sentence is disproportionate, such claim is unavailing.  A criminal sentence that is
8   "grossly disproportionate" to the crime for which a defendant is convicted may violate the Eighth
9   Amendment.  Lockyer v. Andrade, 538 U.S. 63, 72 (2003); Rummel v. Estelle, 445 U.S. 263, 271
10  (1980).  However, outside of the capital punishment context, the Eighth Amendment prohibits
11  only sentences that are extreme and grossly disproportionate to the crime.  United States v. Bland,
12  961 F.2d 123, 129 (9th Cir. 1992) (quoting Harmelin v. Michigan, 501 U.S. 957, 1001 (1991)
13  (Kennedy, J., concurring)).  Such instances are "exceedingly rare" and occur in only "extreme"
14  cases.  Lockyer, 538 U.S. at 73; Rummel, 445 U.S. at 272.  "A punishment within legislatively
15  mandated guidelines is presumptively valid.  'Generally, so long as the sentence imposed does
16  not exceed the statutory maximum, it will not be overturned on eighth amendment grounds.'"
17  United States v. Mejia-Mesa, 153 F.3d 925, 930 (9th Cir. 1998) (citing United States v.
18  McDougherty, 920 F.2d 569, 576 (9th Cir. 1990)).

19          The United States Supreme Court has held that a life sentence is constitutional, even for a
20  non-violent property crime.  See Rummel, 445 U.S. at 265-66 (upholding a life sentence with the
21  possibility of parole, imposed under a Texas recidivist statute, for a defendant convicted of
22  obtaining $120.75 by false pretenses, an offense normally punishable by imprisonment for two to
23  ten years); see also Harmelin, 501 U.S. at 961, 994-96 (upholding a sentence of life without the
24  possibility of parole for a defendant convicted of possessing more than 650 grams of cocaine,
25  although it was his first felony offense).  Accordingly, a life sentence for a first-degree murder,
26  such as that committed by petitioner, would not constitute cruel and unusual punishment under
27  the Eighth Amendment.  See Plascencia v. Alameida, 467 F.3d 1190, 1204 (9th Cir. 2006)
28  (holding that a sentence of fifty years to life for murder with use of a firearm is not grossly

4

disproportionate); People of Territory of Guam v. Sablan, 584 F.2d 340, 341 (9th Cir. 1978) (upholding a life sentence for first degree felony murder); United States v. LaFleur, 971 F.2d 200, 211 (9th Cir. 1991) (upholding life imprisonment for first degree murder).

In accordance with the above, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 27, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

evan1223.156

disproportionate); People of Territory of Guam v. Sablan, 584 F.2d 340, 341 (9th Cir. 1978) (upholding a life sentence for first degree felony murder); United States v. LaFleur, 971 F.2d 200, 211 (9th Cir. 1991) (upholding life imprisonment for first degree murder).

In accordance with the above, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 27, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

evan1223.156